UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-235(7) (JNE/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) GOVERNMENT'S POSITION ON |
| v. | ) SENTENCING |
| | ) |
| ALBERT DONELL PAYNE, | ) |
| | ) |
| Defendant. | ) |

COMES NOW the United States of America, by and through its undersigned attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Thomas M. Hollenhorst, Assistant United States Attorney, and submits the following position on sentencing.

## Guideline Range

The government concurs with the probation office that the defendant has a total offense level of 21 and a criminal history category of IV. This results in a guideline range of 57 to 71 months, restricted to 60 to 71 months because of the applicable five-year mandatory minimum. Presentence Investigation Report ("PSR") at ¶ 119. For the reasons that follow, the government believes that a sentence within the guideline range is sufficient, but not greater than necessary, to serve the goals of sentencing in this case.

## Procedural History

On August 9, 2015, the defendant was charged in an indictment along with eight co-defendants with conspiracy to distribute heroin (Count 1) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. The defendant was also charged with five counts of

distribution of heroin (Counts 5-6, 14, 17-18) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). District Court Docket ("DCD") 1. On October 15, 2015, the defendant pled guilty to Count 1 of the indictment pursuant to the terms of a written plea agreement. DCDs 114, 117.

<u>The Nature and Circumstances of the Offense</u>

From in or about the Autumn of 2012, and continuing through on or about August 21, 2015, the defendant conspired with numerous others to distribute 100 grams or more of heroin. He and his co-defendants were members of a drug trafficking organization informally known as the "Chicago Crew." Heroin was obtained in the Chicago area and transported to Minnesota for further distribution. Upon arrival in the Twin Cities Metropolitan area, the defendant helped to repackage and distribute the heroin to numerous customers. The defendant was involved in the distribution of at least 100 grams but less than 400 grams of heroin. DCD 117 at ¶ 2; PSR at ¶¶ 14-50.

<u>The Criminal History of the Defendant</u>

The defendant has an extensive criminal history beginning when he was just 15 years old. He has two juvenile adjudications involving multiple drug offenses and failing to follow court orders. PSR at ¶¶ 69-70. He has three other juvenile arrests for possession of a controlled substance, trespass, and disorderly conduct. PSR at ¶¶ 71-73. The defendant has four adult felony convictions for manufacturing/delivering controlled substances, possession of a controlled substance, carrying/possessing a firearm in public, and third-degree assault. PSR at ¶¶ 74-76, 81. He has four misdemeanor convictions for possession of cannabis (three times) and criminal damage to property. PSR at ¶¶ 77-80.

The defendant has another nine arrests for aggravated assault, possession of cannabis (four times), soliciting unlawful business (two times), manufacturing/delivering cannabis, domestic battery, and battery. PSR at ¶¶ 86-94. Finally, the defendant committed the instant offense while under a criminal justice sentence, has a total of nine criminal history points, and a criminal history category of IV. PSR at ¶¶ 82-84.

### The History and Characteristics of the Defendant

The defendant is 36 years old and was born in Chicago, Illinois. PSR at ¶ 96. His parents are deceased. *Id.* The defendant has several other siblings. PSR at ¶ 97. The defendant was raised by a brother after the death of his mother when he was only 11. PSR at ¶ 98. The defendant has three children. PSR at ¶ 100. He has had several health-related issues during his life including asthma, ulcers, a stab wound, an abscessed tooth, and hemorrhoids. PSR at ¶¶ 104-07. The defendant does not appear to have any mental or emotional health issues other than drinking alcohol to cope with the loss of loved ones. PSR at ¶ 108. He has a long history of alcohol and marijuana abuse. PSR at ¶¶ 109-10. The defendant attended high school but did not graduate. PSR at ¶ 111. He reports that he received his GED in 1998 while in prison. *Id.* The defendant has never had a steady job. PSR at ¶¶ 114-15. The probation officer was not able to determine whether the defendant has the ability to pay a criminal fine because the defendant declined to sign a financial declaration. PSR at ¶¶ 116-17.

### The Defense Objections to the PSR

The defendant has made a number of objections to the PSR. *See* Addendum to the PSR. The only one that would affect the guideline calculations is the defendant's claim

that his convictions as outlined at ¶¶ 76-78 of the PSR should not have been scored because they fall outside the applicable time period to receive criminal history points. He claims that this would result in a criminal history category of III, rather than IV. There is no merit to the defendant's argument. As the probation officer correctly determined, the defendant's involvement in the conspiracy commenced at least as early as February 14, 2013. *See* PSR at ¶ 20. This would place the defendant's conviction referenced in ¶ 76 within the applicable 15-year period and those referenced in ¶¶ 77-78 within the applicable 10-year period. *See* USSG § 4A1.1, comment. (n.1 and n.3).

## The Needs of Sentencing

Considering all of the sentencing factors under 18 U.S.C. § 3553(a), the government believes that a sentence within the guideline range is appropriate in this case. This case is aggravated by the serious nature of the charge and the defendant's prior criminal record including multiple prior drug-related convictions. On balance, the government believes that a sentence within the guideline range would serve the needs of sentencing to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to avoid unwarranted sentencing disparities among defendants.

5

WHEREFORE, the government asks this Honorable Court to impose a sentence that includes a term of imprisonment within the guideline range.

Dated:   March 9, 2016                    Respectfully submitted,

                                          ANDREW M. LUGER
                                          United States Attorney

                                          s/ *Thomas M. Hollenhorst*
                                          BY: THOMAS M. HOLLENHORST
                                          Assistant United States Attorney
                                          Attorney ID No. 46322